| | |
|---|---|
| 1 | LATHAM & WATKINS LLP |
| 2 | Elizabeth L. Deeley (CA Bar No. 230798)<br>  *elizabeth.deeley@lw.com* |
| 3 | Joseph C. Hansen (CA Bar No. 275147)<br>  *joseph.hansen@lw.com* |
| 4 | 505 Montgomery Street, Suite 2000 |
| 5 | San Francisco, CA 94111-6538<br>Telephone: +1.415.391.0600 |
| 6 | Facsimile: +1.415.395.8095 |
| 7 | Attorneys for Defendant |
|   | *24 Hour Fitness USA, Inc.* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CONN, on behalf of himself and all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>24 HOUR FITNESS USA, INC., a corporation; and DOES 1-100,<br><br>Defendants. | Case No.  3:19-cv-08010<br><br>**DEFENDANT 24 HOUR FITNESS USA, INC.'S NOTICE OF REMOVAL**<br><br>Removed from Contra Costa Superior Court<br>Complaint Filed:  November 5, 2019 |

**TO THE CLERK AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant 24 Hour Fitness USA, Inc. ("24 Hour Fitness"), through undersigned counsel, hereby removes the above-captioned action from the Superior Court of the State of California for the County of Contra Costa to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453.

**I.    PROCEDURAL BACKGROUND**

1.      On November 7, 2019, 24 Hour Fitness was served with the Complaint and Summons for the action filed in the Superior Court of the State of California, County of Contra Costa, entitled *Richard Conn, individually, and on behalf of a class of others similarly situated, v. 24 Hour Fitness USA, Inc. a corporation; and DOES 1-100,* Case No. 19-02183. A copy of the Complaint is attached hereto as Exhibit 1. A copy of the Summons is attached hereto as Exhibit 2. Copies of the Notice of Service of Process are attached hereto as Exhibit 3.

2.      Defendants Does 1 through 100 are unnamed and unknown, and therefore, have not been served with the Complaint. *See* Ex. 1 (Compl.) ¶ 17 (hereinafter "Compl.").

3.      Pursuant to 28 U.S.C. § 1446(a), copies of all additional process, pleadings, and orders served on 24 Hour Fitness in Contra Costa County Superior Court Case No. 19-02183 are attached hereto as Exhibit 4.

4.      This Notice of Removal is filed within thirty days of 24 Hour Fitness's receipt of the Summons and Complaint. *See* 28 U.S.C. §1446(b); *see also* Ex. 3.

**II.   THIS COURT HAS DIVERSITY JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT**

5.      Plaintiff purports to represent a class defined as:

> All California residents, including former California residents, that purchased a Super Sport membership from 24 Hour Fitness when one of the advertised amenities of Super Sport clubs was that those clubs provided towel service.

Compl. ¶ 36. Plaintiff alleges that he and "the putative class purchased memberships at 24 Hour Fitness Super Sport clubs in California between October 2015 June 2019" (hereinafter, the "Alleged Class Period"). *Id.* ¶ 12.

6. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"). *See* 28 U.S.C. §§ 1332(d), 1453. CAFA extends federal jurisdiction over (1) class actions, where (2) any member of the proposed class is a citizen of a state different from any defendant, (3) the putative class consists of more than 100 members, and (4) the amount in controversy exceeds $5 million, taking into account all damages and equitable relief sought for all of the purported class members' claims in the aggregate, exclusive of interests and costs. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), (d)(6). Each of these requirements is satisfied in this action.

### A.  This Is a Purported Class Action Within the Meaning of CAFA

7. A "class action" under CAFA includes any civil action filed under Federal Rule of Civil Procedure 23 or a "similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

8. This lawsuit meets the definition of a class action because it is brought pursuant to a similar State statute as Rule 23—namely, Section 382 of the California Code of Civil Procedure, which authorizes one or more individuals to sue "for the benefit of all" when "the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court." Cal. Code Civ. Proc. § 382; *see also* 28 U.S.C. §§ 1332(d)(1)(B), (d)(5)(B); Compl. ¶ 42 ("Certification of the Class and each subclass is proper under California Code of Civil Procedure Rule 382.").

### B.  There Is Minimal Diversity

9. "CAFA was intended to strongly favor federal jurisdiction over interstate class actions." *King v. Great Am. Chicken Corp. Inc.*, 903 F.3d 875, 878 (9th Cir. 2018). For purposes of establishing federal jurisdiction, CAFA requires only minimal diversity. A defendant need only show that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Removal is therefore proper when even one purported class member is a citizen of a state different from a defendant's state of citizenship. *See id.*; *see also Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1276 (9th Cir. 2017) ("Under CAFA there is sufficient diversity to establish federal diversity jurisdiction so long as one class member has citizenship diverse from that of one defendant.").

10. As explained in the following paragraphs, that standard is met here because the class, as defined by Plaintiff, includes class members whose state of citizenship is outside of California.

### 1. Defendants' Citizenship

11. 24 Hour Fitness is incorporated in California and has its principal place of business in California. *See* Compl. ¶ 20. 24 Hour Fitness is therefore a citizen of California. *See* 28 U.S.C. § 1332(c)(1).

12. Unnamed defendants sued as Does are not required to join in a removal petition, and their citizenship is disregarded for purposes of removal. *See* 28 U.S.C. § 1441; *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

### 2. Class Members' Citizenship

13. Plaintiff states that "at all relevant times [he] was a citizen and resident" of California. Compl. ¶ 19.

14. Upon information and belief, at least one member of the putative class is a citizen of a state other than California. *See Ehrman v. Cox Comms., Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) ("A party's allegation of minimal diversity may be based on 'information and belief'" and "need not contain evidentiary submissions." (citations omitted)).

15. Plaintiff seeks to represent a class including "[a]ll California residents, including former California residents, that purchased a Super Sport membership from 24 Hour Fitness when one of the advertised amenities of Super Sport clubs was that those clubs provided towel service" during the Alleged Class Period. Compl. ¶ 36. By definition, this class includes class members who no longer reside in California—i.e., "former California residents." While residency and citizenship are analytically distinct, the express inclusion of class members who have moved out of California is sufficient, upon information and belief, to establish minimal diversity.

16. Further, even if the class were defined as just California residents, there would still be minimal diversity sufficient to support removal. The Complaint makes no mention of *citizenship* with regard to members of the putative class. Thus, there is a sufficient "likelihood that some putative class members were legally domiciled in or subsequently relocated to another

state" or "were not United States citizens" to support CAFA diversity jurisdiction. *King*, 903 F.3d at 879-80; *see id.* at 879 ("A person's state of citizenship is established by domicile, not simply residence, and a residential address in California does not guarantee that a person's legal domicile [is] in California."). For this reason, the Ninth Circuit has held that classes defined as residents of one state can still give rise to minimal diversity under CAFA.[1]

### 3. Minimal Diversity Exists

17. Minimal diversity is thus satisfied under CAFA, because at least one purported class member is a citizen of a state different from the state of citizenship of the named defendant. *See* 28 U.S.C. § 1332(d)(2)(A).

### C. The Putative Class Exceeds 100 Members

18. Plaintiff alleges that the putative class consists of "[a]ll California residents, including former California residents, that purchased a Super Sport membership from 24 Hour Fitness when one of the advertised amenities of Super Sport clubs was that those clubs provided towel service" during the Alleged Class Period. Compl. ¶ 36. Plaintiff also alleges that "24 Hour Fitness uniformly advertised that memberships to its Super Sport clubs also included … towel service" and that this "promise" was given to members "when they signed up." *Id.* ¶ 23. Plaintiff also alleges that "24 Hour Fitness has nearly 4,000,000 members in over 400 clubs across the United States … [including] dozens of Super Sport clubs in California alone." *Id.* ¶ 38.

19. While 24 Hour Fitness disputes these allegations because, among other reasons, Plaintiff's membership contract explicitly states that 24 Hour Fitness may eliminate any service, including towel service, based on these allegations, the class includes more than 100 members.

---

[1] *See King*, 903 F.3d at 879 (finding it "not implausible that at least a few" putative class members "were citizens of other states even if they temporarily had a residential address in California, such as an out-of-state student ... attending college in California" and "very likely that some putative class members were not United States citizens"); *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 884 (9th Cir. 2013) ("That a [putative class member] may have a residential address in California does not mean that person is a citizen of California."); *see also In re Sprint Nextel Corp.*, 593 F.3d 669, 673-74 (7th Cir. 2010) (proposed class of "residents" includes temporary residents who are citizens of "other states"); *McMorris v. TJX Cos.*, 493 F. Supp. 2d 158, 163 (D. Mass. 2007) ("[T]his putative class that is composed entirely of residents of Massachusetts, does not, by definition, foreclose the inclusion of non-citizens as well. This suffices to support the assertion of federal jurisdiction in this case.").

1   Indeed, more than 1,500,000 individuals signed up for a Super Sport membership in California
2   during the Alleged Class Period.

3       20.    Accordingly, the requirement of 28 U.S.C. § 1332(d)(5) is satisfied.

4       **D.**    **The Amount in Controversy Exceeds $5 Million**

5       21.    CAFA provides that "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). The amount in controversy is first determined by reviewing the allegations of the operative complaint. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007), *overruled on other grounds as stated in Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013) ("Our starting point is 'whether it is facially apparent from the complaint that the jurisdictional amount is in controversy.'" (citation omitted)). Where a complaint does not state a dollar amount, a defendant's notice of removal under CAFA need include "only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 81 (2014).

    22.    Plaintiff has filed a six-count Complaint against 24 Hour Fitness seeking far-ranging relief, including "actual, statutory, and/or punitive damages" incurred by the putative class, attorneys' fees under several statutory provisions, "pre-judgment and post-judgment interest," "[p]ayment of a reasonable incentive award to Plaintiff," injunctive relief requiring 24 Hour Fitness "to reinstate towel service at its Super Sport clubs across California," and "any further legal and equitable relief as this Court deems necessary, just and proper." Compl., Prayer for Relief; *see also Fritsch v Swift Transp. Co. or Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) ("Among other items, the amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract.").

    23.    While Plaintiff does not allege a specific dollar amount in damages, his allegations are sufficient to exceed the $5,000,000 threshold.

24. The amount in controversy for Plaintiff's and putative class members' breach of contract claim alone exceeds $5,000,000. More than 1,500,000 individuals signed up for a Super Sport membership during the Alleged Class Period. Plaintiff alleges that "24 Hour Fitness uniformly advertised that memberships to its Super Sport clubs also included … towel service" and that this "promise" was given to members "when they signed up." Compl. ¶ 23. Plaintiff claims that 24 Hour Fitness breached his contract, and the contracts of the other putative class members, when it stopped providing towel service in June 2019. *See id.* ¶¶ 9, 59. Plaintiff alleges that he and the putative class members would consequently have to "purchase a retail towel from 24 Hour Fitness, which would result in a financial burden." *Id.* ¶ 60. 24 Hour Fitness generally sells towels for $4.99 or more, depending on the towel and whether a discount is being offered. The amount in controversy for the breach of contract claim thus exceeds $5,000,000.

25. In addition, Plaintiff seeks other forms of damages as well as an affirmative injunction requiring 24 Hour Fitness to reinstate towel service, which drives the amount in controversy even higher. *See* Compl., Prayer for Relief.

26. 24 Hour Fitness denies any and all liability and contends that Plaintiff's allegations are entirely without merit. For purposes of this Notice of Removal, however, taking Plaintiff's factual allegations as true and legal allegations as correct, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and satisfies the amount in controversy requirements of CAFA. *See* 28 U.S.C. § 1332(d)(2).[2]

### III. VENUE AND INTRA-DISTRICT ASSIGNMENT

27. Venue is proper in this District pursuant to 28 U.S.C. § 1441(a) because the Superior Court where the removed case was pending is located within this district.

28. Venue is proper in the Oakland or San Francisco Divisions of this Court pursuant to Local Rule 3-2(d), as the original action was filed in Contra Costa County Superior Court.

---

[2] Should Plaintiff challenge the amount in controversy in a motion to remand, 24 Hour Fitness reserves the right to further substantiate these examples with additional evidence and to demonstrate that other aspects of Plaintiff's claims, damages theories, and prayer for relief also show that in excess of $5 million is in controversy.

## IV. REMOVAL PROCEDURE

29. 24 Hour Fitness was served with the Complaint and Summons by personal service to its registered service agent on November 7, 2019. *See* Ex. 3. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b) as it is filed within 30 days of service.

30. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders are attached hereto. *See* Ex. 4.

31. 24 Hour Fitness will serve written notice of the removal of this action upon all adverse parties promptly, and will file such notice with the Clerk of Contra Costa County Superior Court, as required by 28 U.S.C. § 1446(d).

32. By removing this action, 24 Hour Fitness does not waive, and expressly preserves, its right to compel arbitration pursuant to the contract between Plaintiff and 24 Hour Fitness. *See, e.g.*, *United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 921 (9th Cir. 2009); *Morvant v. P.F. Chang's China Bistro, Inc.*, 870 F. Supp. 2d 831, 847 (N.D. Cal. 2012).

## V. CONCLUSION

33. This Court has original jurisdiction over Plaintiff's claims by virtue of the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). This action is thus properly removable to federal court pursuant to 28 U.S.C. §§ 1441 and 1453.[3]

**WHEREFORE**, Defendant 24 Hour Fitness USA, Inc. removes the above-captioned action to this Court.

DATED: December 6, 2019

Respectfully submitted,

LATHAM & WATKINS LLP

By: /s/ *Elizabeth L. Deeley*
  Elizabeth L. Deeley
  Joseph C. Hansen

Attorneys for Defendant
*24 Hour Fitness USA, Inc.*

---

[3] In the event the Court has any questions regarding the basis for removal, 24 Hour Fitness respectfully requests that the Court issue an Order to Show Cause so that 24 Hour Fitness may have the opportunity to address those questions.